Frederick P. Alimonti (FA9651)
Alimonti Law Offices, P.C.
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
(914) 948-8044
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLIED NEW YORK SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | ___14 Civ. 5003 (    ) (    ) <br><br> **COMPLAINT** <br> **ACTION FOR DECLARATORY** <br> **RELIEF** |

Plaintiff Allied New York Services, Inc., ("Allied"), by its attorneys, Alimonti Law Offices, P.C., as and for its Complaint against Defendant Delta Air Lines, Inc. ("Delta") hereby allege as follows:

### I.    THE PARTIES

1.      Allied is a corporation duly formed and existing under the laws of the State of New York, with its principal place of business at 462 7th Avenue, New York, New York.

2.      Delta is a corporation duly formed and existing under the laws of the State of Delaware, with its principal place of business at 1030 Delta Boulevard, Atlanta, Georgia.

### II.    JURISDICTION AND VENUE

3.      This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining an actual case and controversy between the parties.

1

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C §1332 based upon the diversity of citizenship, and an amount in controversy exceeding $75,000.00. To wit, the fees incurred for which Delta seeks reimbursement are in excess of US$75,000 and continue to accrue. Delta claims an additional contingent indemnity amount that is dependent on the outcome of the personal injury claim described at III below.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2) because Defendant conducts extensive business in this district, and because a substantial part of the events giving rise to the claims herein occurred within this district.

### III.      BACKGROUND: *Kamnaut v. Delta*

6.      On or about November 28, 2011, Kamnaut Kamnaut (Kamnaut), commenced a personal injury action against Delta Air Lines, to wit, *Kamnaut v. Port Authority of New York and New Jersey and Delta Air Lines, Inc.,* Index No. 26603/11, Supreme Court of the State of New York, County of Kings. Summons and Complaint, Exhibit "A" hereto (the "Personal Injury Action").

7.      The substance of the Personal Injury Action is that plaintiff therein, Kamnaut, was injured while in the course of his employment by Allied at JFK airport on December 15, 2010 while fueling an aircraft operated by Delta at a Delta gate at JFK airport and that his injuries were caused by the negligence of Delta, apparently for failure to maintain reasonably safe premises. Complaint, Exhibit "A" ¶¶ 36-58.

8.      The Complaint includes similar allegations against the Port Authority of New York and New Jersey. Summons and Complaint, Exhibit "A" ¶¶ 23-35.

9.      Issue was joined with respect to Delta on or about December 19, 2011.  Answer (unexecuted), Exhibit "B."

10.     The claims against the Port Authority have been dismissed, and Delta is the sole remaining defendant in the Personal Injury Action.  Order, Exhibit "C".

11.     On or about October 1, 2012, The Personal Injury Action was removed to this Court on the ground of diversity of citizenship, where it was assigned Index No. 12-4873 (SLT) (JO).  Notice of Removal, Exhibit "D".

A.      The Fuel Storage Permit

12.     Allied and Delta are parties to Fuel Storage Permit and Agreement ("Agreement") expressing the terms and conditions in connection with aircraft fueling services to be provided by Allied to Delta at JFK International Airport.

13.     A True and Complete copy of the Agreement is attached hereto as Exhibit "E".

14.     Section 1102 of the Agreement provides in pertinent part:

> Allied further agrees, subject to the proviso hereinafter set forth in this paragraph 1102, to indemnify defend and hold har[m]less [Delta] from and against any and all claims, liabilities, damages, losses, and judgments, including costs and expenses incident thereto, which may be suffered by, accrue against, be charged to, or recoverable from [Delta] by reason of loss of or damage to property, or by reason of injury to or death of any persons, arising out of or in any way connected with the furnishing of any of the services herein provided for by Allied under this Agreement and caused by the negligence of Allied, its agents or employees….

Exhibit "E" at 21.

B.      Delta's Tender of Defense and Allied's Denial.

15.     On April 8, 2013, Delta tendered its defense of the Personal Injury Action in writing to Allied based upon Section 1102 of the Agreement on a theory of indemnification. Letter from George McKeegan to "Allied New York Services, Inc." dated April 8, 2013.  Exhibit "F".

16.     Allied, through the undersigned firm, rejected Delta's tender by letter dated January 8, 2014.  Exhibit "G".

17.     To date, Delta and Allied have been unable to compromise the within dispute.

18.     As such, there currently exists an actual case and controversy between the parties herein who have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201.

19.     The language of the Agreement and its application to the case *sub judice* can be interpreted by this Court as a matter of law, without resort to extrinsic evidence or testimony.

20.     Delta continues to control the defense and otherwise make all decisions with respect to Personal Injury Action, potentially prejudicing Allied should it ultimately be found liable to indemnify and/or defend Delta with respect to the Personal Injury Action.

21.     Accordingly, the timely resolution of this dispute is in the interest of both parties.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF
### CONTRACTUAL INDEMNITY

22.     Allied repeats, reiterates and realleges each and every allegation made herein at paragraphs 1 through 21, with the same force and effect as if fully set forth herein.

23.     In reviewing the facts available to Allied surrounding Mr. Kamnaut's injury and his related action against Delta, Allied has determined in good faith that Mr. Kamnaut's claims

against Delta, as set forth in the Personal Injury Action, are excluded from indemnification by

Allied pursuant to Section 1102 of the Agreement.

24.     Therefore, pursuant to 28 U.S.C. ¶ 2201, Allied is entitled to a declaration that under

the express terms of the Agreement that Allied is not legally obligated to provide a defense or

indemnification to Delta under the Agreement.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR DECLARATORY RELIEF -**
**ADDITIONAL INSURANCE**

25.     Allied repeats, reiterates and realleges each and every allegation made herein at

paragraphs 1 through 24, with the same force and effect as if fully set forth herein.

26.     Delta also alleged that is was required to be named as an additional insured for

injuries of the type alleged in the Personal Injury Action.  Specifically, Delta alleges:

> Pursuant to the Fuel Storage Permit and Agreement, which is
> Exhibit "B" to that Permit, Allied agreed to obtain legal liability
> insurance with respect to its operations and activities naming Delta
> as an additional insured.  See paragraph 1101. . .

Letter from George McKeegan to "Allied New York Services, Inc." dated April 8, 2013.  Exhibit

"F".

27.     However, the referenced paragraph 1101, provides in pertinent part: "Allied shall

maintain in effect at all times during the term of this Agreement (and shall name the airline as an

additional insured on the insurance described in item III below):"  Exhibit "E" at 20.

28.     The above-referenced "item III" relates to coverage for "Environmental Impairment

Liability" only.  Exhibit "E" at 20.

29.     The Personal Injury Action has nothing to do with "Environmental Impairment," and, accordingly, Allied was under no obligation to name Delta as an additional insured on any policy that would provide coverage for the personal injury action.

30.     Therefore, pursuant to 28 U.S.C. ¶ 2201, Allied is entitled to a declaration that under the express terms of the Agreement, Allied was not legally obligated to name Delta as an additional insured for losses of the nature alleged by Mr. Kamnaut in the Personal Injury Action at any time relevant to this action.


**WHEREFORE,** Allied respectfully demands judgment declaring that, pursuant to the parties' Fuel Storage Permit and Agreement, Allied is not obligated to provide a defense or indemnification to Delta or to name Delta as an additional insured with respect to any claims arising from the Personal Injury Action, and for such other and further relief as this Court deems just and proper.


Dated: White Plains, New York
    August 21, 2014

                                        Respectfully submitted,

                                        By: _____
                                            Frederick P. Alimonti (FA9651)
                                            Alimonti Law Offices, P.C.
                                            200 Mamaroneck Avenue, Suite 304
                                            White Plains, New York 10601
                                            (914) 948-8044
                                            fpa@alony.com
                                            *Attorneys for Plaintiff*